### In re Criminal Investigation of JOHN DOE, INC., et al.

#### No. 10189–MBD.

United States District Court, D. Massachusetts.

June 15, 2000.

**376**

Diana K. Lloyd, U.S. Attorney's Office, Boston, MA, for USA, petitioner.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

The government moves for an *ex parte* order pursuant to Rule 4.2, Comment 7 of the Massachusetts Rules of Professional Conduct permitting it to contact three employees of a corporation which is represented by counsel. The corporation, certain employees, and other corporations are under criminal investigation for making false claims, paying bribes, and accepting kickbacks in connection with providing government services. Recently, according to the government, one employee contacted it indicating a willingness to speak with the government. The other two have not made such contact. The government would like to speak to these individuals without the presence of the corporation's counsel because the government is concerned that the fear of adverse employment actions may prevent these individuals from speaking candidly in front of the corporation's counsel.

The Assistant United States Attorney properly acknowledges that she is bound by the ethical rules set forth in state law. *See* 28 U.S.C. § 530B ("An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that state"). While the prosecutor is of the view that the proposed contact is permitted under the state ethical rule, in order to avoid any possible claim of improper conduct, she is seeking court authorization.

The applicable provision and relevant comments are as follows:

### Rule 4.2 Communication With Person Represented By Person Represented By Counsel

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

### Comment

■ Communications authorized by law also include constitutionally permissible investigative activities of lawyers representing governmental entities, directly or through investigative agents, prior to the commencement of criminal or civil enforcement proceedings, when there is applicable judicial precedent that either has found the activity permissible under this Rule or has found this Rule inapplicable. However, the Rule imposes ethical restrictions that go beyond those imposed by constitutional provisions.

■ In the case of an organization, this Rule prohibits communications by a lawyer for another person or entity concerning the matter in representation with persons having managerial responsibility on behalf of the organization with regard to the subject of the representation, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or

criminal liability or whose statement may constitute an admission on the part of the organization. If any agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule.

█ Nothing in this rule prohibits a lawyer from seeking and acting in accordance with a court order permitting communication with a person known to be represented by counsel.

Counsel's queasiness is justified. There has been no opinion by a Massachusetts court that addresses the applicability of Rule 4.2 to pre-indictment, non-custodial investigations by prosecutorial authorities. I have been able to find no guidance on the Massachusetts Bar Association Web site or in written advisory opinions of the Board of Bar Overseers, or via its ethics advisory hotline.

Several circuits have held that pre-indictment, noncustodial contact with represented persons is permitted under the state ethical rules. Federal courts of appeals interpreting analogous states' rules have found that such investigatory activity is "authorized by law" within the meaning of the rule. *See United States v. Balter*, 91 F.3d 427, 435–36 (3d Cir.1996) (applying New Jersey Supreme Court Rule 4.2, and finding that a pre-indictment suspect is not a "party" within the meaning of the rule, and that pre-indictment investigation is the type of contact permitted by the rule); *United States v. Powe*, 9 F.3d 68, 69 (9th Cir.1993) (applying California rule based on former ABA Code DR 7–104(A)(1) and holding that "the duty to avoid ex parte contacts does not apply to pre-indictment non-custodial conversations with a suspect"); *United States v. Ryans*, 903 F.2d 731, 740 (10th Cir.1990) (holding that proscriptions of DR 7–104(A)(1) do not attach before a target of an investigation has been charged, arrested or indicted).

Only one federal appeals court decision, *United States v. Hammad,* takes a different approach. *See* 858 F.2d 834, 839 (2d Cir. 1988). The *Hammad* court interpreted DR 7–104(A)(1) as being broader than the scope of the Sixth Amendment, and refused to bind the rule's applicability to the moment of indictment. *See id.* However, the Second Circuit found that a prosecutor is "authorized by law" within the meaning of DR 7–104(A)(1) to employ legitimate investigative techniques in conducting criminal investigations. *See id.* "[A] prosecutor is 'authorized by law' to employ legitimate investigative techniques in conducting or supervising criminal investigations and the use of informants to gather evidence against a suspect will frequently fall within the ambit of such authorization." *Id.* On the facts of that case, however, the court was disturbed by the government's use of a false subpoena to manipulate a represented suspect and concluded that such communications were proscribed by the rule. *See id.*

I see two problems with an unquestioning adherence to the *Balter* line of cases. In each case, the state rule at issue used the language "party" rather than "person" to refer to the scope of represented individuals. In a few cases, the courts used this distinction as support for exempting pre-indictment investigations. *See Balter*, 91 F.3d at 436; *Ryans*, 903 F.2d at 739. The cases cited by the government involve rules modeled after, the old DR 7–104(A)(1). The new Model Rule, (and the Massachusetts rule) is broader, applying to "any person, whether or not a party to a formal adjudicative proceeding ..." However, the Model Rule does contain the "unless authorized by law" language. Second, the *Balter* court had clear guidance from the New Jersey state courts, which had exempted pre-indictment investigative activities as "authorized by law" under the rule. *See Balter*, 91 F.3d at 436. This Court is obviously lacking that guidance.

It is also worth noting that many cases dealt with the government's use of informants to gather evidence in its investigations. One district court distinguished the government's use of informants—a legitimate investigatory tactic "authorized by law"—and ex parte contact between an AUSA and an unindicted target for the purpose of discussing cooperation. *See United States v. Ward*, 895 F.Supp. 1000, 1006 (N.D.Ill.1995). The court found that the latter contact violated the rule, given that the AUSA was aware that the target had an attorney, and given the fact that the government's ability to con-

trol the timing of indictments creates a potential for abuse. *See id.; but cf. In re Disciplinary Proceedings,* 876 F.Supp. 265, 268 (M.D.Fla.1993) (relying on *Ryans* case and others and holding that rule did not apply to non-custodial interviews with corporate employees during criminal investigation).

Comment 7 to Rule 4.2 allows a court to give prior authorization for ex parte contact that might otherwise be prohibited. *See Kaveney v. Murphy,* 97 F.Supp.2d 88, 92–93 (D.Mass.2000) (involving a civil employment case).

After weighing the competing interests and reviewing the *ex parte* motion which details the basis for the contact, I allow the government to communicate with the three employees listed in the motion although the corporation has counsel. In such an unsettled legal wilderness, government counsel should not be placed in a position of being handcuffed in pursuing a valid criminal investigation for fear of being personally at risk. However, in order to protect the rights of the represented person, I order the following as conditions for direct contact: [1]

1. The prosecutor shall not inquire · or discuss any communications protected by the attorney-client or work product privilege.

2. The prosecutor (or her agent) shall inform each interviewee:

a) The prosecutor (or her agent) is acting in connection with a criminal investigation and the nature of the investigation;

b) The interviewee has the right to decline to be interviewed;

c) The person may request that the interview only take place in the presence of that person's personal attorney or in the presence of counsel for the corporation and that request shall be honored.

3. The prosecutor shall also abide by Ethical Rule 4.3 and all constitutional requirements.

---

[1]. Since the government has not sought access through informants, I don't address that situation.