In re CRIMINAL INVESTIGATION OF John DOE.

No. 12–mc–93024–MAP.

United States District Court, D. Massachusetts.

Aug. 14, 2012.

Steven H. Breslow, United States Attorney's Office, Springfield, MA, for plaintiff.

*MEMORANDUM AND ORDER REGARDING GOVERNMENT'S MOTION FOR AUTHORIZATION TO CONTACT A REPRESENTED PERSON (Document No. 2)*

NEIMAN, United States Magistrate Judge.

This memorandum and order concerns a motion brought by the United States (the "Government") seeking authorization to contact a targeted individual without the consent of that individual's counsel. The targeted individual is the subject of an ongoing federal grand jury investigation and the Government states that it intends to monitor communications between that individual and another individual who is cooperating with investigators. For the following reasons, the court will deny the Government's motion.[1]

## I. BACKGROUND

The Government has been conducting a federal grand jury investigation of the targeted individual for quite some time; for most of that time, the individual has been represented by counsel. To further investigate this matter, the Government states in its present motion that it intends, with the cooperating individual's consent, to monitor communications initiated by the cooperating individual to the targeted individual—without the knowledge or consent of the targeted individual's counsel. The Government states that the cooperating individual will be instructed to avoid discussing any confidential communications that may have transpired between the targeted individual and the targeted individual's attorney. Further, the Government states that the monitoring of the communications will be conducted by a "filter" attorney and agent, who will not otherwise be involved in the criminal investigation and who will not share the contents of any discussions relating to the targeted individual's attorney with the prosecution team.

## II. DISCUSSION

■ As described, the Government seeks court authorization to surreptitiously contact the targeted individual via the cooperating individual despite the targeted individual's representation by counsel. In what it describes as "an abundance of caution," the Government relies primarily on the "authorized by law" language in Rule 4.2 of the Massachusetts Rules of Professional Conduct. That Rule, in its entirety, provides as follows:

---

1. This memorandum and order is a redacted version of a somewhat lengthier and more detailed memorandum and order issued to the Government. The court notes a paucity of available rulings addressing the situation presented here and has decided to publish its memorandum and order in this revised form to foster further development of this area of the law.

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. MASS. RULES OF PROF'L CONDUCT R. 4.2. The Rules also provide that a lawyer may not "violate or attempt to violate the [Massachusetts] Rules of Professional Conduct ... through the acts of another." MASS. RULES OF PROF'L CONDUCT R. 8.4.

The Government concedes that the targeted individual is represented by a lawyer with regard to its criminal investigation. Further, the Government admits that it intends to "communicate" with the targeted individual via the cooperating individual without the consent of the targeted individual's lawyer. Moreover, it appears, the Government believes that it can conduct its criminal investigation of the targeted individual in the usual course. Nonetheless, the Government prefers to obtain the court's imprimatur. In so doing, the Government relies most particularly on Comment 7 to Rule 4.2, which indicates that nothing in Rule 4.2 "prohibits a lawyer from seeking and acting in accordance with a court order permitting communication with a person known to be represented by counsel." MASS. RULES OF PROF'L CONDUCT R. 4.2, cmt. 7. In essence, the Government seeks to operate under an exception to Rule 4.2. For the reasons that follow, the court declines to grant such authorization.

The court finds that the Government's attempt to secure broad, preemptive approval by the court for the monitoring of the cooperating individual's conversations with the targeted individual in the present context is inappropriate. First, the decisions in this District that discuss Rule 4.2, and upon which the Government relies,

present substantially different circumstances which led those courts to authorize communications under the rule. *See In re Criminal Investigation of Doe,* 2008 WL 3274429 at \*1 (D.Mass. Aug. 7, 2008) (allowing government to conduct a noncustodial interview of an unindicted individual believed to have retained counsel in a related civil proceeding); *Wagner v. City of Holyoke,* 183 F.Supp.2d 289, 291 (D.Mass. 2001) (allowing plaintiff's motion for authorization to contact defendant's employees outside the presence of defendant's counsel in a civil action alleging employer retaliation); *In re Criminal Investigation of John Doe, Inc.,* 194 F.R.D. 375, 376 (D.Mass.2000) (allowing government's motion for authorization to contact employees of a corporation that was represented by counsel). As is evident, none of these court orders pertain to situations where the government sought, as a preliminary measure, a court's endorsement of its plan to use a cooperating individual to elicit information from a targeted individual known to have counsel.

Further, each of the orders issued by these courts imposed on the government or the contacting party a list of conditions which would appropriately balance the interests of the represented party. For example, in *In re Criminal Investigation of John Doe, Inc.,* 194 F.R.D. at 378, the court conditioned such contact on the prosecutor informing the interviewee about the nature of the investigation, the right to decline to be interviewed, and the right to have the interview take place in the presence of that person's attorney or in the presence of counsel for the corporation. Similar conditions were set in both *Wagner,* 183 F.Supp.2d at 295, and *In re Criminal Investigation of Doe,* 2008 WL 3274429 at \*1. Such conditions are not proposed by the Government in the matter at bar nor, the court believes, would they be welcomed. Quite to the contrary, the

Government seeks prior approval for broad investigatory conduct wholly outside the control of the court.

■ To be sure, as indicated, Comment 7 to Rule 4.2, upon which the Government relies, states that "[n]othing in this rule prohibits a lawyer from seeking and acting in accordance with a court order permitting communication with a person known to be represented by counsel." The court, however, does not believe that Comment 7 encompasses the type of one-sided conversation proposed here. Rather, the court believes, the word "communication," as used in the comment entails the type of discourse involved in the three decisions described above, namely, exchanges in which the interviewee is at least aware that a conversation with a party's attorney, a government prosecutor, or a government agent is taking place. That type of communication is far from what the Government proposes here, namely, a surreptitious conversation initiated by a cooperating individual who, unbeknownst to the represented target of the criminal investigation, is being monitored by the Government. In short, in the court's view, the Government's proposed contact with the targeted individual through the cooperating individual does not fall within the "authorized by law" language in Rule 4.2.

Still, in support of its motion, the Government refers to a number of decisions from other courts outside this District for the proposition that pre-indictment communications with a represented person, through an informant, are "authorized by law" for purposes of equivalent rules of professional conduct. Many states besides Massachusetts, it should be noted, have adopted, almost verbatim, the language from Rule 4.2 of the American Bar Associ-

ation's Model Rules of Professional Conduct. *See, e.g.,* PA. RULES OF PROF'L CONDUCT R. 4.2. In each of the cases cited by the Government, however, the reviewing court was examining such government-initiated communications either in the context of a motion to suppress or a motion to exclude and, thus, had the benefit of fully evaluating the legality of the contacts *after* they had transpired. *See, e.g., United States v. Brown,* 595 F.3d 498, 514–16 (3rd Cir.2010) (reviewing order denying motion to suppress and finding no error in which government lawyer had used proxy to elicit information from represented subjects of investigation); *United States v. Balter,* 91 F.3d 427, 435 (3rd Cir.1996) (applying New Jersey Supreme Court Rule 4.2 in the context of a motion to suppress and finding that a pre-indictment suspect is not a "party" within the meaning of the rule, and that pre-indictment investigation is the type of contact permitted by the rule). Tellingly, neither of these cases involved situations in which the government sought *prior* authorization by the court. More importantly for present purposes, these decisions do not persuade the court that its imprimatur is appropriate for the purpose of attaining *preemptive* authorization for the proposed contact with the targeted individual.[2]

This ruling, of course, does not bar the Government from undertaking its investigation, as it believes it can, in the manner contemplated without the court's prior authority. The ruling merely ensures that the Government, without being given a free pass, maintains the burden of carrying out its contacts in a manner that comports with constitutional and ethical principles. *See* MASS. RULES OF PROF'L CONDUCT R. 4.2, cmt. 2 ("Communications author-

---

**2.** The court has been made aware by the Government of two orders in this District which recently authorized similar contact to that which is sought here. However, as those orders were issued with little discussion, the court finds them unpersuasive for all the reasons described.

ized by law also include constitutionally permissible investigative activities of lawyers representing governmental entities, directly or through investigative agents, prior to the commencement of criminal or civil enforcement proceedings, when there is applicable judicial precedent that either has found the activity permissible under this Rule or has found this Rule inapplicable. However, the Rule imposes ethical restrictions that go beyond those imposed by constitutional provisions."). This approach will also allow a court to determine at a more appropriate time, *e.g.*, in response to a motion to suppress, should the need even arise, whether the Government's *actual* investigatory activities ran afoul of Rule 4.2. Such a determination, in the court's estimation, is better made when the facts are fully developed and the legal arguments complete, leading at times to approval of the government's investigatory techniques, *see, e.g., Brown*, 595 F.3d at 514–16, and at other times not. *See, e.g., United States v. Hammad*, 858 F.2d 834, 839 (2d Cir.1988) (concluding, in the context of a motion to suppress, that "[a] prosecutor is 'authorized by law' to employ legitimate investigative techniques in conducting or supervising criminal investigations, and the use of informants to gather evidence against a suspect will frequently fall within the ambit of such investigation," but finding that the government's use of a false subpoena to manipulate a represented suspect was proscribed).

### III. CONCLUSION

For the reasons stated, the Government's motion for authorization is DENIED. IT IS SO ORDERED.*

---

* On September 10, 2012, the court issued the following electronic order in response to the Government's motion for clarification:

ELECTRONIC ORDER entered granting Government's Motion for Clarification as follows. The court does not find, as the Government believes, that there is "an apparent but unintended contradiction between th[e] statement [that 'the Government's proposed contact with [the targeted individual] through [the cooperating individual] does not fall within the "authorized by law" language in Rule 4.2"] and the Court's conclusion that it is procedurally premature to determine whether the Government's actual contacts comport with Rule 4.2." The reason why the Government's request for approval of its proposed contact with [the targeted individual] through [the cooperating individual] is procedurally premature is because, as proposed and for all the reasons explained, it did not fall—at this stage of the proceedings—within the "authorized by law" language in Rule 4.2, upon which the Government relied in its original motion. Read in its entirety, the court's ruling makes clear that the Government is still free to act on its own initiative, without he court's imprimatur, subject to a determination by a court at a later date, if necessary, as to whether the Government's actual investigation comported with constitutional and ethical requirements. So ordered.